DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR LONG BEACH MORTGAGE LOAN TRUST 2003-2
v.
SARAH RICHARD BUCK.
SARAH RICHARD BUCK
v.
WASHINGTON PARISH SHERIFF'S DEPARTMENT, AUBREY JONES AND CIVIL DEPUTY.
No. 2007 CA 0351, Consolidated with No. 2007 CA 0352.
Court of Appeal of Louisiana, First Circuit.
December 21, 2007.
NOT DESIGNATED FOR PUBLICATION.
CHARLES H. HECK, JR., Attorney for Plaintiff/Appellee, Deutsche Bank National Trust Company as Trustee for Long Beach Mortgage Loan Trust 2003-2's.
SARAH RICHARDS BUCK, In Proper Person for Plaintiff-in-Reconvention/Appellant,
RICHARD W. WATTS, Attorney for Plaintiffs/Appellees, Aubrey Jones, Sheriff of Washington Parish.
Before GAIDRY, MCDONALD and MCCLENDON, JJ.
MCDONALD, J.
This appeal is from a judgment dismissing a "Petition to Annul Judgment of Dismissal,"[1] which judgment concludes convoluted procedural matters arising from a foreclosure. After taking this appeal, the appellant, Sarah Richards Buck, filed motions on March 8, 2007, May 10, 2007, and May 29, 2007 to supplement the appeal record. A writ panel of this court denied the motion to supplement insofar as it related to correspondence dated August 2005 and February 2005. The motion to supplement addressed to the letter of November 30, 2004, was referred to the panel reviewing the merits.
The issues properly before this court on appeal are those addressed by the trial court, following a voluntary motion for dismissal filed by Buck, to determine whether the judgment of dismissal rendered on August 18, 2005, dismissing all actions filed by Buck should be annulled for fraud or ill practice, as Buck alleged. Buck asserts that the trial court's conclusion that there was no fraud or ill practice is in error because (1) "Deutsche and its counsel took it upon themselves to change a Final Judgment's substance without the mover's consent or, in the alternative, they failed to file any kind of amendment to the Motion for the Dismissal" (2) "The judgment would be unconscionable if executed because Buck was deprived of a right to a trial in the state court action and she is deprived of the right to pursue her claims in a court of competent jurisdiction"[2] and (3) "The court considered an affidavit which was perjurious to Deutsche's testimony."
We will not consider the assignments of error regarding actions by the trial court in converting a preliminary injunction to a permanent injunction and cancellation of the lis pendens, insofar as they relate to orders or judgments by the trial court that were not appealed.
The trial court issued reasons for its judgment denying Buck's Petition to Annul Judgment on June 23, 2006, finding that there were no fraudulent acts or ill practices warranting the annulment of the judgment of dismissal committed by defendant's counsel. An order was signed by the trial court on November 20, 2006, finding that the Petition to Annul Judgment filed by Buck should be and was denied, which Buck appealed. Thereafter, a writ panel of this court issued an interim order directing the trial court to sign a valid written judgment as required by La. C.C.P. art. 1918 within 30 days of the date of the order. That judgment was signed on July 1, 2007.
After thorough review of the entire record of this matter and consideration of the errors alleged by Buck properly before this court, we affirm the trial court judgment signed July 1, 2007, and issue this summary opinion in accordance with URCA Rule 2-16.2 (6), (8), and (10). The motion to supplement the record is denied. All costs of this appeal are assessed to Sarah Richards Buck.
MOTION TO SUPPLEMENT DENIED; JUDGMENT AFFIRMED.
NOTES
[1] The petition was originally filed "As It Pertains to Long Beach Mortgage Company," and was amended to add as a defendant Deutsche Bank National Company as trustee for Long Beach.
[2] Buck also filed a claim in federal court.